# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-298-D |
| | ) | |
| KIMBERLY DAWN LOGSDON and | ) | |
| WILLIAM MICHAEL LOGSDON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the government's motion in limine [Doc. No. 46] in which it seeks to exclude at trial evidence that employees other than Kimberly Dawn Logsdon ("Mrs. Logsdon") may have embezzled funds from the Silver Buffalo Casino owned and operated by the Apache Tribe. The government also seeks exclusion of evidence suggesting that the casino and the Apache Tribe were negligent in failing to discover the embezzlement. The government argues that both categories of evidence should be excluded because neither supports a defense to embezzlement or any other crime charged in the Second Superseding Indictment.

Mrs. Logsdon is charged with embezzling over $150,000.00 from the Silver Buffalo Casino during her 2008 employment as a casino cashier. Mrs. Logsdon's husband, William Michael Logsdon ("Mr. Logsdon"), is charged with misprision of a felony for failing to report the embezzlement of which he was allegedly aware, and with perjury based on his allegedly false testimony before a federal grand jury. Both defendants are also charged with failing to file federal income tax returns for the 2008 tax year.

The government believes that the defendants intend to offer evidence suggesting that other casino employees also embezzled or stole casino funds, including evidence that casino managers

allegedly took $500,000.00 in cash from the casino and deposited it in an Oklahoma City bank account. The government also suggests that the defendants may attempt to offer evidence that other casino employees regularly took cash from cash drawers or the casino vault, or that they improperly used casino credit cards and/or expense accounts. It also believes the defendants may argue that the Apache Tribe and/or casino officials could have discovered that Mrs. Logsdon was embezzling funds and thus could have minimized the alleged loss if they had done so at an earlier time.

The government contends that such evidence is inadmissible because it does not impact the issue of whether Mrs. Logsdon committed the crime of embezzlement or failed to file a 2008 federal tax return. The government argues such evidence also has no impact on the misprision of felony charge against Mr. Logsdon, as it has nothing to do with whether he was aware of Mrs. Logsdon's alleged embezzlement, failed to report it, and did so in a manner designed to prevent discovery of the crime. Additionally, the government contends the evidence has no impact on whether Mr. Logsdon testified falsely before a grand jury, as alleged in the perjury count of the Second Superseding Indictment.

In response to the motion, Mr. Logsdon[1] expressly states that he does not intend to introduce at trial evidence that other employees of the casino or its officers also embezzled or otherwise wrongfully took funds belonging to the casino. He further expressly states he has no intention of offering evidence that the casino, the tribe, or others who are victims of the embezzlement were negligent in failing to discover the crime.

However, Mr. Logsdon nevertheless urges the Court to deny the government's motion, arguing that he cannot present his defense at trial if the Court issues the "blanket prohibitions"

---

[1] Mrs. Logsdon did not file a response to the motion.

2

requested by the government's motion prior to trial. Noting that he is not required to reveal his litigation strategy in advance of trial, he contends the Court should rule on evidentiary issues as they arise at trial.

Because Mr. Logsdon expressly does not intend to introduce the evidence cited by the government in its motion, it is unclear why he opposes granting the government's motion. In any event, the Court agrees with the government that so-called "negligent victim" evidence has no impact on the charges against the defendants, and thus it has no relevance or probative value. Accordingly, the Court finds that the motion should be, and is, granted regarding that issue. The Court reserves its ruling on evidence regarding purported thefts by other employees until the appropriate time during trial. Although the Court is skeptical that such evidence would be relevant, it cannot say at this time that such evidence is categorically inadmissible in this case. The parties are cautioned to alert the Court prior to the presentation of such evidence so that a ruling can be made outside of the hearing of the jury.

The government's motion in limine is granted in part, and reserved in part, as set forth herein.

IT IS SO ORDERED this 31st day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE