# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CR-12-298-D ) |
| KIMBERLY DAWN LOGSDON and WILLIAM MICHAEL LOGSDON, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the motion of the government [Doc. No. 81] seeking an in limine ruling that certain documents are admissible at the trial of this matter. Specifically, the government asks the Court to rule that documents maintained in the regular course of business by the Silver Buffalo Casino are admissible as business records pursuant to Fed. R. Evid. 803(6) and that computer-generated records do not constitute hearsay and are admissible upon a showing of authenticity under Fed. R. Evid. 901. Each defendant filed a response to the motion, and the government filed a reply.

Fed. R. Evid. 803 provides that certain evidence is not excluded by the hearsay rule, regardless of the declarant's availability as a witness. Among the express exceptions to the hearsay rule is the exception for "Records of Regularly Conducted Activity," defined as follows:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by–or from information transmitted by–someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Commonly known as the business records exception to the hearsay rule, Rule

803(6) allows admission of records to show the truth of their content if the records are maintained in the course of regularly conducted business activity. To qualify for the business records exception, a document must 1) have been prepared in the normal course of business; 2) have been made at or near the time of the events recorded; 3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and 4) indicate the sources, methods, and circumstances by which the record was made trustworthy. *United States v. Blechman*, 657 F.3d 1052, 1065 (10th Cir. 2011). "The Rule allows for the authenticity of the records to be established 'by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902 (12), or a statute permitting certification.'" *United States v. Bailey*, 133 F. App'x 534, 537 (10th Cir. 2005) (unpublished) (quoting Fed. R. Evid. 803(6)). "The obligation of establishing the applicability of a hearsay exception for these records falls upon the government as the proponent of the evidence.'" *Blechman*, 657 F.3d at 1066 (quoting *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999)).

With respect to the requirements for authentication of business records, the Federal Rules of Evidence provide that a record is self-authenticating if it is the "original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11).

In this case, the documents which the government seeks to admit under the business records exception consist of 1) cashier checkout sheets signed by Defendant Kimberly Logsdon ("Mrs. Logsdon"); 2) images of vouchers which were not scanned into the casino computer system; 3) images of vouchers reflecting casino customers' winnings; 4) computer-generated lists of scanned

2

tickets; and 5) records reflecting the cash issued to Mrs. Logsdon at the beginning of her shift, cash increases during her shift, and related documents reflecting cash activity at her station. Examples of these documents are submitted as Attachment 1 to the government's motion.

To authenticate these documents as regularly maintained business records of the casino, the government submits the declarations of two former casino employees, Tonya Botone and Stephen Post. Their respective declarations are submitted as Attachments 2 and 3 to the government's motion. Ms. Botone states that her job responsibilities at the casino included surveillance functions, and Mr. Post states he worked in the Information Technology Department of the casino.

Mrs. Logsdon objects to the admission of the subject documents for several reasons. First, she contends that the government has not produced copies of all documents, and she argues that her counsel has not been allowed access to the original documents or computer records. Second, she contends that the declarations of Ms. Botone and Mr. Post are deficient because they lack the requisite knowledge regarding the record-keeping requirements of casino cashiers. She further argues that, contrary to the government's contention, the computerized records are hearsay. Finally, she argues that there were continual problems with the casino's computer, thus creating doubt regarding the accuracy of the computer-generated records.

Mr. Logsdon also objects to the admission of the subject documents, arguing that the declarations of Ms. Botone and Mr. Post show they do not have knowledge of the manner in which casino cashiers recorded transactions. He also argues that they cannot testify that the subject records were made at or near the time of the events reflected on the records by someone with knowledge of the record-keeping procedure. Additionally, Mr. Logsdon argues the casino's computer system was known to have reporting errors and problems, and contends the accuracy of the computer-generated

3

records is suspect.

The government's reply is directed at Mrs. Logsdon's allegation that it has not produced copies of all documents and that she has not been allowed to inspect original copies of the documents. The government attaches a September 12, 2013 letter in which it advised counsel for both defendants that additional documents were enclosed because the government had discovered that some pages were inadvertently omitted from its original production. In that letter, the government also invited counsel to inspect hard copies of the documents at counsel's office. Also submitted by the government are copies of receipts signed by counsel for each of the defendants, acknowledging their receipt of the additional document production.

Because both defendant's challenge the sufficiency of the declarations of Ms. Botone and Mr. Post, the Court will summarize their respective submissions. Ms. Botone's declaration, submitted as Attachment 2 to the government's motion, states that she was employed by the casino during the time period in which Mrs. Logsdon worked as a cashier, and Ms. Botone's job responsibilities included surveillance. She states that she is familiar with the documents maintained by the casino in its regular business activities, and she is specifically familiar with cashier checkout sheets, gaming vouchers, computer-generated lists of scanned vouchers, and all other documents used by the casino to record customer winnings and cash payouts. Ms. Botone also states that she is familiar with the casino personnel documents reflecting employee designations and assignments.

According to Ms. Botone, she reviewed the documents which the government seeks to introduce pursuant to Fed. R. Evid. 803(6), and she states that those documents were made and kept in the regular course of the casino's business, and were made at or near the time of the events reflected on the documents. With respect to the documents reflecting computerized information,

4

she states the information reflected therein was generated or created by a computer. With respect to records reflecting information manually prepared by an individual, she states that those documents were created by a person having knowledge of the information contained therein, or were created by the use of information transmitted by a person having such knowledge.

Ms. Botone also states that she has reviewed additional government exhibits consisting of video surveillance footage and the still photographs taken from that footage. According to Ms. Botone, the videos were generated by an automatic surveillance recording system maintained by the casino, and the system records the date and time of each video. Additionally, Ms. Botone states that the casino regularly maintained the system in the course of its business, and the subject photos and video were made at the time reflected on each.

Stephen Post's sworn declaration is submitted as Attachment 3 to the government's motion, and states that he was an employee of the casino at the relevant time. He worked in the Information Technology Department of the casino, and his job duties included reviewing cashier checkout sheets, vouchers, computer-generated lists of scanned vouchers, as well as other documents maintained by the casino to keep track of winnings and cash payouts. According to Mr. Post, he reviewed the documents which the government intends to introduce at trial, and he states that all were kept in the regular course of business by the casino. He further states that the documents were made at or near the time of the dates reflected thereon, and they were created by a computer or by a person having knowledge of the information reflected on the documents, or were created from information transmitted by a person having such knowledge. Mr. Post states that the cashout vouchers and lists of tickets redeemed on a given date were generated by a computer. He explains that the cashout vouchers are copies of slips of paper printed by computerized gaming machines at the casino, and

these were presented to casino cashiers for payment. Mr. Post states that the copies are accurate, and the casino regularly relied on their accuracy. According to Mr. Post, the computer-generated lists of tickets redeemed are accurate compilations of information stored electronically in the M3 computer gaming system at the casino, and the casino regularly relied on the accuracy of this information.

The Court concludes that, contrary to the defendants' contentions, Ms. Botone[1] and Mr. Post are qualified to verify that the records in question were prepared and maintained in the regular course of the casino's business activity and that they were prepared at or near the time indicated in the content of the records. The Court thus finds their respective declarations sufficient to satisfy the requirements of the Federal Rules of Evidence.

With respect to the computer-generated records, the Tenth Circuit holds that self-generated computer data is not hearsay evidence because it does not constitute a "statement" and there is no "declarant" within the meaning of Rule 801's hearsay definition. *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir. 2005). Mr. Post, who was employed in the casino's information technology department, explains in his declaration the manner in which vouchers and related materials were input into the computer system. The Court finds that these records are self-generated computer data. The defendants' apparent contention that the data may not have been created at or near the time reflected on the records is not, under the circumstances, sufficient to render the records inadmissible, although such matters may go to the weight to be afforded the evidence.

With respect to Mrs. Logsdon's contention that the government has not produced all

---

[1] Mrs. Logsdon's response notes that Ms. Botone was terminated from her employment at the casino after the events which are the subject of the charges against Mrs. Logsdon. The government's reply confirms that it informed both defendants of Ms. Botone's termination. Because Mrs. Logsdon does not argue that Ms. Botone's termination has any direct impact on the admissibility of the documents in question, the Court sees no need to address this matter.

documents to the defendants and that she was not allowed to inspect original documents, the Court finds that the evidence submitted by the government in its reply shows that it has satisfied both obligations.

Having considered the parties' arguments and the record, the Court concludes that, for the reasons set forth herein, the government's motion [Doc. No. 81] should be, and is, GRANTED.

IT IS SO ORDERED this 2nd day of December, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE